ALBANY,
Dec. 1832.

Burt
v.
Crosby.

## BURT *vs.* CROSBY.

A party brought into court on a rule to shew cause, which he resists, is entitled to charge a retaining fee as part of his costs.

The costs of a precept, if the sum demanded does not exceed $250, can be taxed only at the common pleas rate of costs.

Prospective costs may be taxed subject to deduction on payment.

An attorney's and counsel fee of *two dollars* is taxable on a motion for precept.

December 6.

RETAXATION of costs. The defendant, on the allegation that one S. Etheridge was the real plaintiff in this cause, asked for a rule that he pay the costs of the suit, judgment hav-

ing passed in favor the defendant. The motion was denied, with costs. Etheridge had his costs taxed and demanded, and not receiving payment, he asked and obtained a precept for the collection of the same. The defendant now moves for a retaxation of the costs. After hearing counsel, the court decided.

ALBANY,
Dec. 1832.

Anon.

1. That Etheridge being called into court on the rule against him for costs, properly employed an attorney and was entitled to charge a retaining fee, but that a retaining fee in addition thereto on the motion for a precept, was not allowable.

2. That on the motion for a precept, a counsel fee was taxable, but no charges could be made for brief or term fee on such motion.

3. That the precept being a summary proceeding for the non-payment of a sum of money, if the sum to be collected does not exceed $250, the costs of the precept must be taxed at the common pleas rate of costs; 2 *R. S.* 619, § 42, 43; and the attorney and counsel fee on the motion for a precept must be taxed at *two dollars* instead of *two dollars and fity cents.* 2 *R. S.* 632, § 17.

4. Prospective costs may be taxed, subject to deduction, if the services taxed be rendered unnecessary by payment of the sum demanded.